UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

KAHENE PETERKIN,                         :

                Plaintiff,          :          **MEMORANDUM and ORDER**

                -against-          :          04 Civ. 4656 (SHS)(KNF)

C.O. SPRINGS, # 14305; C.O. THOMAS,      :
#14713, AND A. TOUSSAINT, P.A.,
                                         :
                Defendants.
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/05

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      In the above-captioned action, brought pursuant to 42 U.S.C. § 1983, Kahene Peterkin ("Peterkin") contends that while he was in the custody of the New York City Department of Corrections, the defendants violated his civil rights by employing excessive force against him resulting in Peterkin experiencing scarring, swelling and pain at his left eye and his right ankle. Thereafter, according to Peterkin, the defendants exhibited deliberate indifference to his medical needs by failing to treat the conditions described above.

      Previously, Peterkin requested that the Court appoint counsel to assist him in prosecuting this action. That request was denied through an order issued by the Court on August 26, 2005. At that time, it appeared, from a review of the docket sheet maintained by the Clerk of Court for this action, that Peterkin had failed to comply with a June 6, 2005 order issued by the assigned district judge directing Peterkin to effect service of the summons and complaint upon the defendants. Peterkin has now submitted evidence to the Court that he requested the United States Marshals Service to effect service of the summons and complaint for him and that it did so

after the date by which the assigned district judge had directed that service be effected. As a consequence, Peterkin has requested that the Court reconsider its determination to deny his application for appointed counsel.

The Court has determined that, under the circumstances, it would be reasonable and appropriate to revisit Peterkin's application for court-appointed counsel. That application is addressed below.

Unlike criminal defendants, prisoners, such as plaintiff, and indigents filing civil actions have no constitutional right to counsel. However, 28 U.S.C. § 1915(e)(1) provides that the Court may request an attorney to represent any person unable to afford counsel. Plaintiff made an application to proceed in forma pauperis, which was granted. Therefore, he is within the class to whom 28 U.S.C. § 1915(e)(1) speaks.

"In deciding whether to appoint counsel, [a] district court should first determine whether the indigent's position seems likely to be of substance." See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert denied, 502 U.S. 986, 112 S. Ct. 596 (1991). This means that it appears to the court "from the face of the pleadings," (see Stewart v. McMickens, 677 F. Supp. 226, 228 [S.D.N.Y. 1988]), that the claim(s) asserted by the plaintiff "may have merit," (see Vargas v. City of New York, No. 97 Civ. 8426, 1999 WL 486926, at *2 [S.D.N.Y. July 9, 1999]), or that "plaintiff appears to have some chance of success . . . ." See Hodge, 802 F.2d at 60-61.

In the instant case, the plaintiff has alleged that his constitutional rights were violated by an unwarranted attack upon him by a corrections officer who was duty-bound to ensure the plaintiff's security and safety. The plaintiff contends that, as a result of the conduct of

corrections personnel, he sustained injuries to his eye and ankle which caused him pain and swelling. In his complaint, the plaintiff also alleges that he was deprived of appropriate medical treatment. Furthermore, Peterkin notes in his complaint that he employed, unsuccessfully, the administrative procedure made available by the corrections agency to address the issues that are the subject of this action.

While it appears from the face of the plaintiff's complaint that his claims may have merit, the Court has considered: 1) the plaintiff's ability to investigate the facts pertinent to this action; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; 3) the plaintiff's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason in this case why appointment of counsel would be more likely to lead to a just determination. See Hodge, 802 F.2d at 61-62. The plaintiff's complaint is detailed in nature. It describes the events that led to an alleged assault upon the plaintiff. Furthermore, it identifies the persons whom the plaintiff contends participated in the assault. In like manner, the complaint sets forth the medical treatment the plaintiff received and his contention that his treatment was inadequate. The details contained in the complaint suggest that investigating the claims made in the instant action will not be a complicated exercise for the plaintiff.

While cross-examination may play a significant role in the trial of this action, the care with which the plaintiff has explained the facts and circumstances surrounding the assault he alleges occurred, and the degree of medical attention he received, indicates to the Court that the plaintiff will be able to frame questions to elicit responses pertinent to the prosecution of the action. In addition, the legal issues that confront the parties in this action are not complex. They

involve the degree of force, if any, employed upon Peterkin and the quantity and quality of the medical care afforded to him. The plaintiff has demonstrated an understanding of the legal issues that confront the parties in this case, as evidenced by his complaint.

Under the circumstances, having considered the <u>Hodge</u> factors referenced above, the Court finds that the appointment of counsel is not warranted in order for a just determination to be reached in this action.

Dated: New York, New York
      September 26, 2005

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copy to:

Kahene Peterkin